**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Kevin D. Sampson Jr.,<br><br>Plaintiff,<br><br>v.<br><br>Defendant Cook County Sergeant Skinner, Defendant Cook County Officer Wlodyga, Defendant Cook County Officer Franco, Defendant Cook County Officer Gomillia, Defendant Mental Health Advisor Julie L. Field, in their individual capacity, Sheriff Tom Dart, in his official capacity, and Cook County.<br><br>Defendants. | Civil Action No. 1:25-cv-00020<br><br>Honorable Judge Andrea R. Wood<br>Honorable Magistrate Judge Young B. Kim |

**PLAINTIFF'S RESPONSE TO COOK COUNTY DEFENDANTS' MOTION TO DISMISS**

Plaintiff Kevin Sampson, Jr., ("Plaintiff" or "Mr. Sampson") by and through his counsel, Steptoe LLP, respectfully submits his Response to Defendants' Cook County and Julie Field (collectively, the "Cook County Defendants") Motion to Dismiss. In support of his Response, Plaintiff states as follows:

## INTRODUCTION

This case arises from a series of traumatic and unconstitutional events which occurred while Plaintiff Kevin D. Sampson Jr. was incarcerated at Cook County Jail. Mr. Sampson has a long and well-documented history of mental illness, including suicidal ideation and multiple suicide attempts, both prior to and during his incarceration. Despite this known history, Defendants ignored or denied Mr. Sampson's requests for housing transfer following the suicide of his friend in his tier, further exacerbating his mental health crisis.

Defendants now move to dismiss Mr. Sampson's claims, arguing that his injuries are not compensable under the Prison Litigation Reform Act (PLRA), that he fails to plead conditions,

failure to protect, *Monell*, and indemnification claims, that his claims against the Cook County Defendants are barred by the statute of limitations, and that Defendant Field is entitled to qualified immunity. Defendants are incorrect for several reasons.

First, Mr. Sampson's claims are not barred by the PLRA. He seeks nominal and punitive damages for constitutional violations, which are recoverable even in the absence of physical injury. Second, Mr. Sampson plausibly alleges that Defendant Field acted unreasonably, placing him at substantial risk of self-harm subjecting him to inhumane conditions and failing to protect him. Third, Mr. Sampson adequately pleads a *Monell* claim by alleging that his injuries resulted from either a deficient policy, a widespread practice, or a policymaker's deliberate omission. Fourth, Mr. Sampson plausibly pleads that Cook County is the proper indemnitor. Fifth, dismissal of claims against the Cook County Defendants is premature, because tolling doctrines (e.g., administrative exhaustion, legal disability, and equitable tolling) apply. Finally, Defendant Field is not entitled to qualified immunity.

Mr. Sampson's First Amended Complaint presents plausible claims for relief under well-established constitutional principles. The facts alleged, taken as true, demonstrate that Defendants failed to protect Mr. Sampson and subjected him to inhumane conditions. Accordingly, Defendants' Motion to Dismiss should be denied in its entirety.

## **STANDARD OF REVIEW**

Under Rule 12(b)(6), a court must treat a plaintiff's factual allegations as true and they "are entitled to have every factual inference drawn in their favor." *Boogaard v. Nat'l Hockey League*, 891 F.3d 289, 290–91 (7th Cir. 2018). Importantly, factual allegations do not need to prove plaintiff's claim but only need to show that the claim is "plausible on its face" and if true, entitle the plaintiff to relief. *Kahn v. Walmart Inc.*, 107 F.4th 585, 594 (7th Cir. 2024) (citation

omitted). A complaint with such factual allegations only needs to present a "short and plain statement" of its bases. *Id.*

## ARGUMENT

### A. Plaintiff's 42 U.S.C. § 1983 Claims are Not Barred

The Seventh Circuit has long held that "[i]t would be a serious mistake to interpret section 1997e(e) to require a showing of physical injury in all prisoner civil rights suits." *Robinson v. Page*, 170 F.3d 747, 748 (7th Cir. 1999). Here, Defendants made that mistake by misapplying 42 U.S.C. § 1997e(e) to argue that Plaintiff's entire suit is barred.

Defendants' reliance on § 1997e(e) to bar Plaintiff's entire suit is misplaced. The statute does not preclude constitutional claims where physical injury is absent, nor does it foreclose recovery of nominal or punitive damages. The Seventh Circuit has repeatedly affirmed that such remedies remain available to vindicate constitutional rights. *See Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999) (holding that nominal damages "are an appropriate means of vindicating rights whose deprivation has not caused actual, provable injury"); *Calhoun v. DeTella*, 319 F.3d 936, 941–42 (7th Cir. 2003) (holding that § 1997e(e) does not bar nominal and punitive damages); *Zehner v. Trigg*, 133 F.3d 459, 462 (7th Cir. 1997).

Here, it is beyond dispute that Plaintiff's First Amended Complaint seeks nominal and punitive damages:

> 3. For exemplary and punitive damages against each Defendant in an amount to be proven at trial;
>
> 4. For attorneys' fees and costs, including Plaintiff's reasonable attorneys' fees and initial filing fees; and
>
> 5. For such other and further relief as the Court deems just and proper.

ECF No. 44 ("First Amended Complaint"), at 15; *see also Calhoun*, 319 F.3d at 943 ("Although Calhoun does not specifically request nominal damages . . . a prayer for 'such other relief as it may appear plaintiff is entitled' . . . makes clear that he is seeking nominal damages."). Plaintiff's First

Amended Complaint expressly seeks these forms of relief, which are legally sufficient to sustain his claims.[1] Accordingly, Defendants' arguments fail, and Plaintiff's claims should proceed.

**B. Plaintiff Adequately Pleads a Conditions Claim Against Defendant Field**

Plaintiff adequately pleads that Defendant Julie Field subjected him to inhumane conditions. As the Defendants explained, to plead an unconstitutional conditions claim, Plaintiff must allege:

> (1) the conditions in question are or were objectively serious (or if the claim is for inadequate medical care, his medical condition is or was objectively serious); (2) the defendant acted purposefully, knowingly, or recklessly with respect to the consequences of his actions; and (3) the defendant's actions were objectively unreasonable – that is, 'not rationally related to a legitimate governmental objective or … excessive in relation to that purpose.

*Hardeman v. Curran*, 933 F.3d 816, 827 (7th Cir. 2019) (Sykes, J., concurring) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). In his First Amended Complaint, Plaintiff adequately pleads all three required elements.

Plaintiff, a mentally ill inmate with a history of suicidal ideation and suicide attempts, was subjected to objectively serious conditions by being confined to a tier where his friend had recently committed suicide. ECF No. 44, ¶ 33; *Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984, 989 (7th Cir. 2012) (explaining with respect to the first element that "[t]his Court has stated in numerous cases that, 'suicide is a serious harm.'" (internal citations omitted)). By denying Plaintiff's request to transfer tiers and failing to direct Plaintiff's request to the appropriate authority, Defendant Field acted purposefully, knowingly, or recklessly, by requiring Plaintiff to stay confined in conditions that risked his well-being. Her actions were objectively unreasonable. ECF No. 44, ¶¶ 33–34.

---

[1] If further clarification of the types of damages Plaintiff seeks is needed, Plaintiff is willing to file a Second Amended Complaint to explicitly include the requested relief of nominal damages.

Defendants' assertion that Plaintiff improperly relies on 20 Ill. Adm. Code 701.90(a)(2) to support his conditions claim misses the point. Defendants continue to split hairs between the liabilities of the respective Cook County Sheriff's Office (CCSO) Defendants and the Cook County Defendants. Plaintiff, on the other hand, adequately alleges that Defendant Field failed to act reasonably by refusing to transfer Plaintiff to another tier or by refusing to direct his request to the proper authority. In so doing, she placed him at serious risk of self-harm and subjected him to the inhumane conditions of living on the tier where his friend committed suicide.

**C. Plaintiff Adequately Pleads a Failure to Protect Claim Against Defendant Field**

Plaintiff similarly adequately pleads a failure to protect claim by alleging Defendant Field's decision not to transfer him to a different tier and failing to direct his request to the appropriate authority. Defendant Field's decisions put Plaintiff at a "substantial risk" of serious harm which could have been reasonably abated by simply transferring Plaintiff to a different tier if Defendant Field had the authority to do so or by directing his request to the proper authority. As a mental health advisor, Defendant Field should have appreciated the high degree of risk Plaintiff would face if he were required to remain on the tier where his friend had committed suicide. Because of Defendant Field's lack of action, Plaintiff endured serious harm by being put at risk of self-harm and emotional distress.

Defendants' argument that Plaintiff has not put forth "any well-pled fact that make this claim plausible" fails. At the motion to dismiss phase, Plaintiff does not need to prove his failure to protect a claim but need only allege facts that show his claim is plausible. *Kahn*, 107 F.4th at 594. Plaintiff has done that, and thus the Court should deny Defendants' motion.

**D. Plaintiff Plausibly Pleads *Monell* Claim Against Cook County**

Defendants misapply the pleading standard and ignore key facts. Here, Plaintiff meets the *Monell* standard by alleging that his constitutional injury resulted from either: (1) an express policy, (2) a widespread practice, or (3) a policymaker's deliberate omission. *Arquero v. Dart*, 587

F. Supp. 3d 721, 728 (N.D. Ill. 2022). Defendants incorrectly argue that Plaintiff must identify an express Cook County policy under which to plead a *Monell* claim. *See* ECF No. 116, at 10. There is no legal requirement to plead with such specificity. At the pleading stage, Plaintiff need only allege a plausible claim, not prove a widespread practice or identify an express policy. *Ohlrich v. Vill. of Wonder Lake*, 22 F. Supp. 3d 874, 878 (N.D. Ill. 2014) ("The Seventh Circuit has routinely held that *Monell* claims are not subject to heighted pleading standards.").

Plaintiff is asserting a *Monell* claim under any of the three prongs pending further discovery. *See* ECF No. 44 ¶¶ 58–61. Contrary to Defendants' assertions, Plaintiff alleges that Cook County employees, such as Defendant Field, failed to implement policies addressing the treatment of mentally ill inmates following a suicide by failing to transfer an at-risk inmate to a different tier or directing such a request to the proper authority, which is an act plausibly tied to a broader custom, especially given the jail's large mentally ill population and the prevalence of inmate suicides. *See id.*; *see also* Samantha Michaels, *Chicago's Jail is One of the Country's Biggest Mental Health Care Providers. Here's A Look Inside*, MOTHER JONES (Jan. 8, 2019), https://www.motherjones.com/criminal-justice/2019/01/chicagos-jail-is-the-one-of-the-countys-biggest-mental-health-care-providers-heres-a-look-inside/; E. Ann Carson, Ph.D., BUREAU OF JUST. STAT., *Mortality in Local Jails, 2000-2019 – Statistical Tables* (2021), https://bjs.ojp.gov/content/pub/pdf/mlj0019st.pdf (last visited Aug. 27, 2026); *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

While Defendants argue Plaintiff failed to allege facts showing that Cook County had notice of multiple instances of alleged unconstitutional conduct caused by its policy gap, Plaintiff intends to explore further instances in discovery. At the pleading stage, Mr. Sampson need not prove a widespread practice but only plausibly allege one. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Gill*, 850 F.3d at 344.

**E. Plaintiff's Indemnity Claim Against Cook County Should Survive Because Underlying Claims are Sufficiently Pled**

Each of Plaintiff's claims is factually and legally sufficient. Plaintiff has sufficiently pled his Fourteenth Amendment Subjection to Inhumane Conditions Claims against Defendants Field, Skinner, Wlodyga, Franco, and Gomillia, his Failure to Protect Claims against Defendants Field, Skinner, Wlodyga, Franco, and Gomillia, and his *Monell* Claims against Sheriff Dart and Cook County. Cook County is "empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs)" for all Defendants in this suit. 745 ILCS 10/9-102. Because Plaintiff has alleged plausible claims against all Defendants, "there remains a basis for indemnification and Cook County to remain a Defendant." *Fanady v. Baker, Dart, and Cook County*, No. 25 C 15454, 2026 WL 2255172, at *7 (N.D. Ill. Aug. 5, 2026) (maintaining an indemnity claim against Cook County under 745 ILCS 10/9-102 because a claim against a Cook County Sheriff Officer was not dismissed).

**F. Plaintiff's Section 1983 Claims Against the Cook County Defendants Are Not Time-Barred**

Defendants' argument that Plaintiff's claims against Defendants Field and Cook County are time-barred is premature and overlooks multiple grounds for tolling the statute of limitations.

First, under Seventh Circuit precedent, the statute of limitations for Section 1983 claims is tolled while a prisoner exhausts administrative remedies, as required by the Prison Litigation Reform Act (PLRA). *Johnson v. Rivera*, 272 F.3d 519, 521–22 (7th Cir. 2001). During a remote Zoom meeting with counsel on October 8, 2025, and subsequent meetings, Mr. Sampson disclosed that he filed a grievance related to the events described in the First Amended Complaint around mid-November 2022.[2] He has further stated that, after receiving no confirmation that the grievance was received, he submitted an Initial Officer Complaint (IOC) on February 3, 2023, to document

[2] Plaintiff is prepared to provide a sworn declaration from Mr. Sampson or file a Second Amended Complaint if the Court finds it helpful in resolving this motion.

the same concerns. *See* Ex. A. These disclosures raise a factual dispute regarding whether Mr. Sampson's grievance was lost or destroyed, an issue that cannot be resolved at the pleading stage. As in *Johnson*, where the Seventh Circuit reversed dismissal based on allegations that a grievance was destroyed, tolling is appropriate here pending further discovery. *See Johnson*, 272 F.3d at 522 (reversing the district court's dismissal of the complaint because "Johnson never completed the prison's grievance process . . . the district court . . . does not address Johnson's allegations that Officer Pellegrini destroyed his grievance.").

Following Plaintiff's inability to exhaust his administrative remedies under the PLRA, Plaintiff filed his September 30, 2024, Second Amended Complaint in Sampson v. Vill. of Matteson Chief of Police Michael Jones, No. 23-cv-00140 (N.D. Ill. Sept. 30, 2024), ECF No. 51, which included claims stemming from the incidents in this lawsuit against numerous defendants, including Cook County and Julie Field. Second Am. Compl., No. 23-cv-00140, ECF No. 51. The allegations in the September 30, 2024, Second Amended Complaint are well within any disputed statute of limitations period. On December 20, 2025, Judge Daniel issued an Order severing numerous Counts and directed the Clerk to open a new matter containing those defendants. ECF. No. 1. With the opening of the new matter, Plaintiff's current Counsel was ordered to make an appearance on February 24, 2025, and to "submit a complaint that is limited to claims stemming from the events surrounding his requests for transfer to a different housing unit on or about November 16, 2022." ECF Nos. 6, 7. On April 7, 2025, Plaintiff filed his Original Complaint in this lawsuit against Mental Health Advisor Jane Doe (now determined to be Defendant Field) and Cook County. ECF No. 11. After a diligent inquiry, Plaintiff filed his Motion to Add Parties and Amend the Complaint on January 26, 2026, naming the unidentified Defendants, and adding Defendant Field to Count One and Defendant Cook County to Count Three, which this Court granted. ECF Nos. 39, 45. Plaintiff filed his First Amended Complaint on February 18, 2026. ECF No. 44.

The limitations period on Mr. Sampson's claims should also be tolled due to his disabilities at the time of filing this lawsuit. Illinois law provides tolling for individuals under legal disability at the time a cause of action accrues. 735 ILCS 5/13-211. Mr. Sampson has pled that he was suffering from severe mental illness, panic attacks, and a mental breakdown following his friend's suicide, and was denied appropriate medical treatment during this period. These allegations support tolling under 735 ILCS 5/13-211, and expert evaluation of Mr. Sampson's health records is necessary to determine whether Mr. Sampson was legally disabled and unable to timely identify or sue Defendant Field. *See Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996).

Additionally, equitable tolling applies where a plaintiff, despite reasonable diligence, is unable to identify the wrongdoers. *Fidelity Nat. Title Ins. Co. of N.Y. v. Howard Sav. Bank*, 436 F.3d 836, 839 (7th Cir. 2006). Mr. Sampson has acted diligently under difficult circumstances. After his case was severed and reassigned, new counsel was appointed in February 2025 and promptly filed the original complaint in April 2025. *See* ECF Nos. 1–6, 11. Further reasonable efforts by Mr. Sampson's appointed counsel then identified previously unknown Mental Health Advisor Julie Field and filed the First Amended Complaint. *See* ECF No. 44.

The Seventh Circuit has repeatedly acknowledged the unique challenges incarcerated plaintiffs face in identifying defendants. *See Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 789–90 (7th Cir. 1995); *Santiago v. Walls*, 599 F.3d 749, 763 (7th Cir. 2010). Courts have allowed equitable tolling in similar cases where plaintiffs could not identify defendants without discovery. *See Donald v. Cook Cnty. Sheriff's Dept.*, 95 F.3d 548, 562 (7th Cir. 1996). This Court should do the same here.

In light of these tolling doctrines and the factual disputes surrounding Mr. Sampson's efforts to exhaust remedies and identify Defendant Field, dismissal on statute of limitations grounds is inappropriate.

### G. Mr. Sampson Has Plausibly Pled That His Particularized Constitutional Right was Violated, Therefore Qualified Immunity is Inapplicable

Defendant Field is not entitled to qualified immunity because Mr. Sampson has alleged a violation of a clearly established constitutional right: the right to be free from objectively unreasonable actions that created serious mental health issues, including suicide risk. The Fourteenth Amendment "affords broader protection than the Eighth Amendment's protection against only punishment that is 'cruel and unusual'", in that it protects pre-trial detainees from all "punishment," which includes the failure to respond reasonably to known risks of self-harm. *Lewis v. Downey*, 581 F.3d 467, 473–74 (7th Cir. 2009) (citations omitted).

As Defendants point out, courts make two inquiries when determining whether a state official is entitled qualified immunity: "(1) whether the facts, taken in the light most favorable to the plaintiff, make out a violation of the constitutional right, and (2) whether the constitutional right was clearly established at the time of the alleged violation." *Gibbs v. Lomas*, 755 F.3d 529, 537 (7th Cir. 2014) (citation omitted). In his First Amended Complaint, Plaintiff alleges that Defendant Field acted unreasonably by failing to transfer him to a different tier or to direct Plaintiff's request to the appropriate authority. Defendant is a mental health advisor who knew or should have known of Plaintiff's mental health history, and a reasonable person in her situation would have recognized Plaintiff's risk of self-harm after being forced to return to the tier where his friend committed suicide. As a result of both Defendant Field's actions and inactions, Plaintiff endured emotional distress and an elevated risk of self-harm. At the pleading stage, this is sufficient to overcome qualified immunity. *Sanville v. McCaughtry*, 266 F.3d 724, 738 (7th Cir. 2001).

Qualified immunity does not protect officials who ignore obvious risks to inmate safety, especially when the right at issue (i.e., protection from deliberate indifference to suicide risk), is

clearly established. Mr. Sampson's allegations fall squarely in this framework, and Defendants' motion should be denied.

## CONCLUSION

WHEREFORE, Plaintiff Kevin Sampson Jr. requests that Defendants' Motion to Dismiss be DENIED. However, should the Court conclude that any claim has not been adequately pled, Plaintiff respectfully requests leave to file a Second Amended Complaint to address any deficiencies identified by the Court.

Dated: August 28, 2026

Respectfully submitted,

By: *<u>/s/ Anthony G. Hopp</u>*
Anthony G. Hopp (IL 6199290)
Matthew O'Boyle (IL 6353662)
**STEPTOE LLP**
227 West Monroe Street
Suite 4700
Chicago, IL 60606
Phone: (312) 577-1300
Email: ahopp@steptoe.com
Email: moboyle@steptoe.com

*Appointed Counsel for Plaintiff Kevin Sampson Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2026, I cause the forgoing **PLAINTIFF'S RESPONSE TO COOK COUNTY DEFENDANTS' MOTION TO DISMISS** to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Anothony G. Hopp*
Anthony G. Hopp