**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN D. SAMPSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:25-cv-00020 |
| | ) | |
| | ) | Honorable Judge Andrea R. Wood |
| THOMAS J. DART, as Sheriff of Cook County, Illinois, et al., | ) | |
| | ) | |
| | ) | Honorable Magistrate Judge Young B. Kim |
| Defendants. | ) | |
| | ) | |

**DEFENDANT GOMILLIA'S REPLY IN FURTHER SUPPORT OF CCSO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant Correctional Officer Keith Gomillia, in his individual capacity ("Officer Gomillia"), by and through undersigned counsel, respectfully submits this Reply in further support of CCSO Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Dkt. No. 112), and in response to Plaintiff's Response thereto (Dkt. No. 121). For the reasons below, and those set forth in the original Motion, the claims against Officer Gomillia should be dismissed with prejudice.

## INTRODUCTION

Plaintiff's Response does not rehabilitate his time-barred claims against Officer Gomillia — it defeats them. Unable to point to anything in his own First Amended Complaint that tolls the two-year limitations period, Plaintiff instead asks this Court to credit unpled, unsworn assertions raised for the first time in a legal brief, assertions that Plaintiff's own exhibit contradicts. Exhibit A — the notarized Complaint Register Plaintiff himself submitted in support of his opposition — is a sworn statement Plaintiff filed on February 3, 2023, naming by name the officers he held responsible for the events of November 16–17, 2022. It names Officer Franco. It names Sergeant

Skinner. It names Officer Mason. It names Officer Wlodyga. It names Officer Smalls. It does not name, describe, or even allude to Officer Gomillia or the shower-cleanup conduct Plaintiff now attributes to him.

Plaintiff's own sworn account substantially undermines the factual premises of his legal-disability and equitable-tolling theories, while his separate PLRA-exhaustion theory fails to supply the facts necessary to establish a tolling period sufficient to make his February 2026 claim against Gomillia timely.

## ARGUMENT

### I. PLAINTIFF'S CLAIMS AGAINST OFFICER GOMILLIA REMAIN TIME-BARRED.

#### A. The Court Cannot Consider Facts Raised for the First Time in a Brief.

Although a plaintiff may elaborate on allegations already contained in a complaint, he may not use an opposition brief to introduce new factual predicates necessary to avoid dismissal. *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984). Plaintiff's entire tolling argument violates this rule. The First Amended Complaint contains no allegation that Plaintiff filed a grievance in November 2022, no allegation that any grievance was lost or destroyed, and no allegation of a legal disability under 735 ILCS 5/13-211. These facts appear nowhere but in counsel's recitation of an "October 8, 2025 … Zoom meeting," Resp. at 4, and in footnotes offering to supply a "sworn declaration" or a further amended pleading "if the Court finds it helpful," Resp. at 4 nn.1–2. An offer of proof is not proof, and a promise to plead facts is not a pleading of facts. The Court should decline to resolve this Motion by reference to what Plaintiff's counsel represents Plaintiff might say, rather than what Plaintiff has actually alleged in his operative complaint.

**B. The Administrative-Exhaustion Tolling Theory Fails Even If Considered.**

Even setting aside this pleading defect, Plaintiff's reliance on *Johnson v. Rivera*, 272 F.3d 519 (7th Cir. 2001), is misplaced. *Johnson* establishes that the limitations period may be tolled while a prisoner completes the administrative exhaustion required by the PLRA. 272 F.3d at 522. But Plaintiff has not pleaded—much less established—the dates necessary to determine any such tolling period here. He does not identify when the grievance process began, when it concluded or became unavailable, or how long the resulting tolling period lasted. Nor does he explain how the alleged grievance concerning the November 2022 events renders timely his February 18, 2026 claim against Gomillia.

**C. The Legal-Disability Theory Is Unpled and Legally Insufficient.**

Plaintiff's invocation of 735 ILCS 5/13-211 fares no better. Illinois's legal-disability tolling statute applies only to plaintiffs who are, in the relevant sense, incompetent to manage their own affairs — a standard far more demanding than experiencing a panic attack or a mental-health crisis following a traumatic event. *See* Resp. at 4–5. Exhibit A defeats this theory on its own terms: it shows Plaintiff, within months of the incident, composing a detailed, three-page, internally coherent, and legally sophisticated written complaint — naming specific officers, describing specific conduct, invoking his right to file a grievance, and swearing to its accuracy before a notary public. That contemporaneous conduct is inconsistent with Plaintiff's present assertion that he was legally disabled from protecting or managing his legal interests during the relevant period.

**D. Exhibit A Affirmatively Defeats Plaintiff's Equitable-Tolling Theory.**

Plaintiff's strongest-sounding theory — equitable tolling based on an inability to identify Officer Gomillia despite diligence, *See* Resp. at 5 (citing *Fidelity Nat'l Title Ins. Co. of N.Y. v. Howard Sav. Bank*, 436 F.3d 836 (7th Cir. 2006)) — is the one Plaintiff's own exhibit refutes most directly. Equitable tolling requires a plaintiff to show that, despite reasonable diligence, he could

not discover the identity of the responsible party. *Id.* at 839. Exhibit A shows the opposite. Exhibit A demonstrates that Plaintiff was able to identify multiple officers involved in the relevant events by name within the limitations period. Yet the same detailed account neither identifies Gomillia nor attributes the cleanup conduct to him. Plaintiff offers no explanation why Gomillia, unlike the officers he did identify, could not have been identified through reasonable diligence before limitations expired.

What Exhibit A conspicuously does not contain is any reference to Officer Gomillia — not his name, not his badge number, not the conduct Plaintiff's Amended Complaint now attributes to him (forcing Plaintiff to help clean the shower area). If Plaintiff could identify Mason, Wlodyga, Franco, Smalls, and Skinner by name in February 2023, nothing prevented him from identifying Gomillia at the same time, through the same investigative avenue, had Gomillia in fact engaged in the conduct now alleged. A plaintiff who successfully identifies three of the relevant officers through diligent effort cannot credibly claim he was unable, despite that same diligence, to identify the fourth. *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785 (7th Cir. 1995), and *Santiago v. Walls*, 599 F.3d 749 (7th Cir. 2010), on which Plaintiff relies, involved plaintiffs who could not identify any responsible officer without discovery — not a plaintiff who, like Mr. Sampson, identified everyone but the one defendant whose claim happens to be time-barred. Plaintiff's own evidence thus does more to prove Officer Gomillia's timeliness defense than to rebut it.

*Billman* involved a *pro se* prisoner who identified an unknown correctional officer in his complaint and whose circumstances made pre-suit identification of the responsible actor potentially infeasible. 56 F.3d at 789. Here, by contrast, Plaintiff's contemporaneous Complaint Register demonstrates his ability to identify several officers involved in these very events, yet neither identifies Gomillia nor attributes the challenged cleanup to an unknown officer whom

Plaintiff was attempting to identify. Notably, Exhibit A does not merely omit Gomillia. Plaintiff's contemporaneous account appears to attribute the challenged cleanup directive to Officer Mason—the very officer Plaintiff specifically identified by name.

Relatedly, the "John Doe" relation-back theory addressed in the original Motion remains unrebutted; Plaintiff's Response does not dispute that Rule 15(c) cannot save an untimely amendment naming a previously unidentified defendant. *See* Mot. at 7 (citing *Herrera v. Cleveland*, 8 F.4th 493 (7th Cir. 2021); *Baskin v. City of Des Plaines*, 138 F.3d 701 (7th Cir. 1998)).

## II. THE PLRA BARS COMPENSATORY DAMAGES FOR THE MENTAL AND EMOTIONAL INJURIES ALLEGED.

Plaintiff's reliance on *Calhoun* confirms rather than defeats Defendants' request to dismiss his compensatory claim for emotional distress. *Calhoun* holds that § 1997e(e) is a limitation on recovery rather than a bar to the underlying constitutional action, but it simultaneously holds that, absent physical injury, § 1997e(e) bars compensatory damages for mental or emotional injury. 319 F.3d at 940. Plaintiff alleges no physical injury attributable to Gomillia. Accordingly, whatever nominal relief might theoretically remain if Plaintiff could establish an underlying constitutional violation, his claim for compensatory damages for emotional or psychological injury is barred.

*Calhoun* likewise does not establish that Plaintiff has stated a viable claim for punitive damages. Section 1997e(e) does not itself prohibit punitive damages, but *Calhoun* reiterates that punitive damages under § 1983 require evil motive or intent or reckless or callous indifference to federally protected rights. *Id.* at 942. Plaintiff pleads no facts supporting that standard as to Gomillia. Nor does the theoretical availability of nominal damages cure the independently fatal deficiencies in Plaintiff's constitutional claim.

## III. PLAINTIFF PLEADS NO FACTS SHOWING THAT GOMILLIA'S CONDUCT WAS OBJECTIVELY UNREASONABLE IN LIGHT OF THE CIRCUMSTANCES CONFRONTING HIM.

Plaintiff's Response never identifies what Gomillia allegedly knew about Plaintiff's mental-health condition when he directed Plaintiff and other detainees to clean the shower area. That omission is dispositive to the plausibility of Plaintiff's claim. Even before the Seventh Circuit adopted the objective-unreasonableness standard applicable to pretrial detainees, it recognized that an inmate's request for crisis intervention, "standing alone," did not put an officer on notice of a substantial suicide risk. *Pittman v. Cnty. of Madison*, 746 F.3d 766, 776–77 (7th Cir. 2014) (discussing *Collins v. Seeman*, 462 F.3d 757, 761 (7th Cir. 2006)). The claims that survived in *Pittman* involved materially more: requests for crisis intervention, hours of observable crying, warnings from another detainee, and prior interactions giving the officers reason to recognize that Pittman's psychiatric condition required professional assessment. *Id.* at 777–78.

The Amended Complaint alleges nothing comparable against Gomillia. It does not allege that Plaintiff told Gomillia he was suicidal, requested mental-health treatment from him, advised him that participating in the cleanup posed a psychological danger, or otherwise exhibited symptoms from which a serious risk was apparent to Gomillia. Nor may Plaintiff impute to Gomillia information allegedly possessed by other jail personnel merely by alleging collectively that "Defendants" knew Plaintiff's history. Section 1983 imposes individual liability based upon each defendant's own conduct.

Thus, even accepting the alleged cleanup directive as true, the Complaint supplies no factual basis from which to infer that Gomillia's decision was objectively unreasonable under the circumstances confronting him. At most, Plaintiff characterizes the decision as insensitive or inappropriate. The Fourteenth Amendment does not constitutionalize negligence, much less permit

liability based upon information the Complaint never plausibly alleges was available to the particular officer. *See Pittman*, 746 F.3d at 778–779.

**IV. OFFICER GOMILLIA IS ENTITLED TO QUALIFIED IMMUNITY.**

Plaintiff identifies no precedent establishing, as of November 2022, that a correctional officer violates the Fourteenth Amendment by requiring a detainee to assist in cleaning the aftermath of another detainee's suicide where the officer had not been told the detainee was suicidal, had received no request from him for psychological treatment or reassignment, and was not otherwise alleged through concrete facts to know that the detainee faced a substantial risk of self-harm.

*Alicea v. Thomas*, 815 F.3d 283, 291 (7th Cir. 2016), requires clearly established law "in a particularized sense" at the time of the alleged violation, not the general proposition that officials may not disregard known risks of self-harm. Plaintiff's citations to *Hall v. Ryan*, 957 F.2d 402 (7th Cir. 1992) address the general contours of deliberate-indifference doctrine, not the specific, fact-bound conduct at issue here — assigning cleanup duties absent any alleged knowledge of a detainee's psychiatric condition. Because Plaintiff cannot show this specific right was clearly established, Officer Gomillia is entitled to qualified immunity regardless of whether the underlying claim otherwise survives.

**V. PLAINTIFF'S PUNITIVE DAMAGES CLAIM AGAINST OFFICER GOMILLIA FAILS.**

Punitive damages require a showing of evil motive or reckless or callous indifference to federally protected rights. *Stachniak v. Hayes*, 989 F.2d 914, 928 (7th Cir. 1993). Plaintiff's own account of Officer Gomillia's conduct — directing detainees to clean a common area following an investigation into a death — describes, at most, an unpleasant custodial task assigned without any alleged awareness of an individualized risk to Plaintiff. Absent factual allegations of the requisite

culpable mental state specific to Officer Gomillia, as opposed to conclusory characterizations applied to all Defendants collectively, the punitive damages claim against him should be dismissed along with the underlying claim.

**CONCLUSION**

For the foregoing reasons, and those set forth in the original Motion to Dismiss, Officer Gomillia respectfully requests that the Court dismiss Counts I and II against Officer Gomillia with prejudice because the claims are untimely and, independently, because Gomillia is entitled to qualified immunity; alternatively, dismiss the claims for failure to state a claim.

DATED: September 25, 2026

Respectfully submitted,

EILEEN O'NEILL BURKE
State's Attorney of Cook County

By: */s/Ahmed A. Kosoko*
Ahmed A. Kosoko
Special Assistant State's Attorney
Kosoko Law Group, LLC
77 W. Wacker Drive, Suite 4500
Chicago, IL 60601
(312) 855-1690
akosoko@kosokolaw.com
Attorney for Defendant Gomillia