**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Sampson, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 25-cv-00020 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| Skinner, et al., | ) | |
| | ) | Magistrate Judge Young B. Kim |
| Defendants. | ) | |

**COOK COUNTY DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendants Cook County and Julie L. Field (collectively, "Cook County Defendants"), by their counsel, Eileen O'Neill Burke, State's Attorney of Cook County, through her Assistant State's Attorney, Jessica D. Ratner, submit the following Reply in support of their Motion to Dismiss.

**ARGUMENT**

On August 7, 2026, Cook County Defendants moved to dismiss all claims asserted against them pursuant to Rule 12(b)(6). In support of their motion, the Cook County Defendants demonstrated that Plaintiff's Amended Complaint merely alleges that mental health specialist Defendant Field informed Plaintiff that she did not have authority over his housing assignment during a psychiatric evaluation and is devoid of any well-pled allegations directed at Cook County.

In response, Plaintiff routinely contradicts himself, adds inconsistent new allegations, and asks the Court to join him on conclusory leaps that defy logic. Despite the extensive narrative in Plaintiff's Amended Complaint pertaining to Defendant Dart and the Correctional Officer Defendants, Plaintiff fails to identify any specific, non-conclusory facts putting the Cook County Defendants on fair notice of any alleged constitutional violation. Accordingly, and for the reasons

that follow, all claims against the Cook County Defendants should be dismissed or, in the alternative, limited to a request for nominal damages.

## I. Plaintiff's constitutional claims against the Cook County Defendants are factually deficient and must be dismissed.

### a. Plaintiff fails to adequately plead a conditions or failure to protect claim against Defendant Field.

Defendant Field moved to dismiss the constitutional claims asserted against her on the basis that Plaintiff's assertions that she either "denied" or "refused" Plaintiff's tier transfer request (or that she was required to direct the request to medical personnel with "appropriate authority") are frivolous allegations not brought in good faith and undermined by portions of the administrative code establishing that authority regarding detainee housing determinations lies with the Cook County Sheriff's Office's ("CCSO") Department of Corrections ("CCDOC"), which is under the purview of Defendant Dart rather than Cook County. Dkt. 116 at 5-9. As such, it was not objectively unreasonable for Defendant Field to inform Plaintiff that she did not have such authority, which actually resulted in Plaintiff appropriately directing his request to correctional staff. *See* Dkt. 44, ¶¶ 18, 20; *see also* Dkt. 122-1 at 2-3.

Plaintiff does not (and has waived his opportunity to) respond to the merits of this argument but simply concludes that the same hypothetical conduct summarized above was objectively unreasonable without further explanation.[1] Dkt. 122 at 4-5; *see Jimerson v. Harris*, No. 2:15 CV 178, 2018 U.S. Dist. LEXIS 3373, at *3 (N.D. Ind. Jan. 5, 2018) (citing to *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (Failure to respond to an argument presented in a motion to dismiss results in waiver); *see also U.S. v. Farris*, 532 F.3d 615, 619 (7th Cir. 2008) ("[The

[1] As identified in the remainder of this brief, Plaintiff has waived his opportunity to respond to the merits of a multitude of the Cook County Defendants' arguments.

Defendant] failed to respond to the Government's argument in a Reply Brief, and accordingly, we find that [he] waived his sufficiency of the evidence challenge[.]").

Plaintiff then contends that "Defendants continue to split hairs between the liabilities of the respective Cook County Sheriff's Office (CCS) Defendants and the Cook County Defendants," Dkt. 122 at 5, which only emphasizes that Plaintiff fails to appreciate that he is suing Defendant Field related to conduct entirely outside the scope of her job duties or authority, a fact that is evident based on the face of the operative complaint and fatal to his claims. Specifically, not only is the Amended Complaint devoid of *any* allegations that Defendant Field had the requisite authority to "deny" Plaintiff's tier-transfer request or "require" him to return to Tier 4, but the facts contained in Plaintiff's complaint and incorporated filings (vis-à-vis his well-pled allegations[2], references to the Illinois Administrative Code[3], and exhibits[4]) establish that she did not. As such, all claims against Defendant Field must be dismissed.

**b. Plaintiff fails to adequately plead a *Monell* claim against Cook County.**

Cook County argued that Plaintiff failed to adequately plead a *Monell* claim against it because Plaintiff failed to allege *any* Cook County policy, custom, or practice that plausibly caused Plaintiff's purported constitutional deprivation. Dkt. 116 at 9-11. Despite recognizing that he in must plausibly allege a policy, practice, or custom in support of his claim, Plaintiff fails to respond to the substance of Cook County's argument. Instead, Plaintiff states that he need not *prove* the existence of a policy at the pleading stage, which is unresponsive to Cook County's arguments but

[2] Specifically, Plaintiff alleges that Defendant Field informed him that she did not have authority over his housing assignment, and that he subsequently requested a tier transfer from various correctional officers who ignored his requests and forced him to return to the tier. Dkt. 44, ¶¶ 18, 20, 23.

[3] For further clarity, see Cook County Defendants' Motion to Dismiss, dkt. 116 at 7-9, which discusses 20 Ill. Adm. Code 701.70 (clarifying that the *correctional facility* determines housing assignments (including any changes) after considering a multitude of classification factors).

[4] As discussed in more depth in the statute of limitations section of this brief, Exhibit A to Plaintiff's Response, dkt. 122-1, consists of a complaint authored by Plaintiff in which he notes that the CCSO/CCDOC's *classification department* determined that Plaintiff would return to Tier 4. Dkt. 122-1 at 3.

also not in dispute. Dkt. 122 at 6. Plaintiff then attempts to elaborate on the vague "policy" referenced in his Amended Complaint[5] by adding additional allegations citing to two publications and a federal court opinion for the first time and without any additional context.[6] Dkt. 122 at 6. This does nothing to bolster Plaintiff's *Monell* claim against Cook County because, for the reasons explained in the Cook County Defendants' motion, *see* Dkt. 116 at 9-11, Cook County is *not* responsible for policies "governing jail operations and the conduct of correctional personnel." *See* Dkt. 44, ¶ 61. Plaintiff waived his right to respond to this point, which is fatal to his *Monell* claim against Cook County.

## II. Plaintiff fails to adequately plead that Cook County is required to indemnify the Correctional Officer defendants.

In responding to Cook County's argument that Plaintiff fails to state an indemnification claim against it pursuant to 745 ILCS 10/9-102 on the basis that it did not *employ* the Correctional Officer Defendants, Plaintiff mischaracterizes the very statute upon which his claim is based. *See* Dkt. 116 at 11; *Compare* 745 ILCS 10/9-102 ("A local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) ***for which it or an employee*** . . . ") (emphasis added) *with* Dkt. 122 at 7 (quoting 745 ILCS 10/9-102) ("Cook County is 'empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs)' ***for all Defendants in this suit***.") (emphasis added).

Plaintiff is wrong. In *Askew v. Sheriff of Cook Cty.*, 568 F.3d 632 (7th Cir. 2009), the Seventh Circuit determined that a county need not be a party to a pleading against an individual

[5] Specifically, a policy (or lack thereof) "for inmates during a criminal investigation involving suicide at Cook County Jail," which is also wholly outside the purview of Cook County's policy-making authority. *See* Dkt. 44, ¶ 60.

[6] Regardless, the sources do not appear to relate to any purported policy.

correctional officer. *See id*., 568 F.3d at 637. Therefore, Plaintiff's indemnification claim against Cook County must be dismissed as to the claims against the Correctional Officer Defendants who would be indemnified by Defendant Dart. *See generally id*; *see also* 745 ILCS 10/9-102.

## III. In the alternative, Plaintiff's requests for compensatory and punitive damages should be stricken, limiting the relief sought to a request for nominal damages.

In moving to dismiss, the Cook County Defendants argued that Plaintiff cannot show that he was physically injured as a result of their conduct and, therefore, cannot seek compensatory damages for any alleged mental or emotional damages. *See* 42 U.S.C. § 1997e(e); *see also Calhoun v. DeTella*, 319 F.3d 940, 941 (7th Cir. 2003) ("[A]bsent a showing of physical injury, § 1997e(e) would bar a prisoner's recovery of compensatory damages for mental and emotional injury[.]"); Dkt. 116 at 4. Plaintiff failed to respond to this argument and, therefore, has waived his opportunity to argue that he is entitled to pursue compensatory damages. *See* Dkt. 122 at 3-4.

Instead, Plaintiff noted that Section 1997e(e) allows for the recovery of *nominal* or *punitive* damages. However, the Cook County Defendants already emphasized that the Amended Complaint is entirely devoid of allegations that could plausibly support Plaintiff's request for punitive damage. Dkt. 116, n 4. By declining to respond to this argument, Plaintiff waived his opportunity to argue that he sufficiently put the Cook County Defendants on notice of the basis of his request for punitive damages. *See* Dkt. 44 at 15; *see also* Dkt. 122 at 3-4.

Finally, Plaintiff concedes that he did not explicitly request nominal damages in his prayer for relief, but argues that this Court should interpret his request for "such other relief as the Court deems just and proper" to encompass a request for nominal damages. Dkt. 122 at 3-4, n. 4. In sum, Plaintiff's *entire* argument against dismissal pursuant to Section 1997e(e) is that he should be allowed to litigate his claims for the sole purpose of seeking nominal damages.

As such, in the event that this Court declines to dismiss all claims asserted against them in their entirety, the Cook County Defendants request that this Court limit the scope of relief sought by Plaintiff to a request for nominal damages.

**IV. Plaintiff's claims against the Cook County Defendants are time-barred.**

In moving to dismiss, the Cook County Defendants argued that Plaintiff did not assert any of the claims pending against them (or identify/name Defendant Field) until he filed the operative Amended Complaint on February 18, 2026, which was *over a year* after the statute of limitations expired. Dkt. 116 at 11-14. Plaintiff does not contest the Cook County Defendants' calculation that his claims accrued (at the very latest) by the end of 2024 or respond to the merits of their argument that the claims asserted against them were not timely filed. Rather, Plaintiff mischaracterizes the nature of his prior pleadings, *see* Dkt. 122 at 8, despite the fact that the Cook County Defendants already explained the claims asserted in those pleadings do not match the ones brought against the Cook County Defendants for the first time in the operative complaint, *see* Dkt. 116 at 12-14.[7]

Next, Plaintiff proposes various reasons why he believes that the statute of limitations period should be tolled, none of which are compelling and only emphasize the fact that his claims were not timely asserted. *First*, Plaintiff argues that the statute of limitations period should be tolled because he was not able to exhaust his administrative remedies. Dkt. 122 at 7-8. In doing

[7] Specifically, Plaintiff suggests that his September 30, 2024 Second Amended Complaint in Case No. 23-cv-140, dkt. 51, "included claims stemming from the incidents in this lawsuit against numerous defendants, including Cook County and Julie Field." Dkt. 122 at 8. However, that pleading did not name Defendant Field or include any of the claims asserted against her in the operative complaint, but rather brought a *failure to provide necessary medical care* claim against a plethora of unrelated individuals, including Village of Matteson defendants, Cook County John and Jane Does, Mental Health Advisor Jane Doe, and Cook County Sheriff's Office defendants. Dkt. 116 at 12-14; Dkt 51 in 23-cv-140 at ¶¶86-95.

That same pleading also included a single allegation against Cook County relating to the conduct of *correctional officers* and, therefore, unrelated to the claims asserted against it in the operative complaint. Dkt. 116 at 12-13; Dkt 51 in 23-cv-140 at ¶93.

so, Plaintiff waives the attorney-client privilege by divulging that "[d]uring a remote, Zoom meeting with counsel on October 8, 2025, and subsequent meetings, [he] disclosed that he filed a grievance related to the events described in the First Amended Complaint around mid-November 2022. . . [and] further stated that, after receiving no confirmation that the grievance was received, he submitted an Initial Officer Complaint (IOC) on February 3, 2023, to document the same concerns." Dkt. 122 at 7-8.

While a Plaintiff "may elaborate on his factual allegations" in responding to a motion to dismiss, such elaborations must be "consistent with the pleadings." *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). Plaintiff's communications with his attorney regarding the timing of his alleged grievance and IOC submissions are not only hearsay but are also not "elaborations" of the allegations in his operative complaint which is devoid of any reference to such submissions. Regardless, such allegations are not helpful to his position because the IOC submission (and the grievance which Plaintiff purports initially documented the *same concerns*) consists of a complaint of *excessive force* against *two correctional officers and CCDOC classification*. *See* Dkt. 122-1. The three-page IOC does not contain any complaints about Defendant Field or Cook County mental health providers. In fact, Plaintiff briefly notes that after asking a mental health advisor "not to place [him] back on 4c," the mental health advisor told him that "she had no control over placement, that is the classification department's duty." Dkt. 122-1 at 2-3. Plaintiff then admits that *classification* determined that he was to return to Tier 4c. *See Id.* at 3. (Plaintiff notes that "Officer Smalls was very upset with classification for placing me back on 4C."); *compare with* Dkt. 116 at 8 (discussing 20 Ill. Adm. Code 701.70, which clarifies that the *correctional facility* determines housing assignments (including any changes) after considering a multitude of *classification* factors). Therefore, Plaintiff's contention that this disclosure "raises

a factual dispute regarding whether [his] grievance was lost or destroyed" is moot because Plaintiff's own words and submissions establish that the underlying purported grievance has nothing to do with his claims against Cook County Defendants. Dkt. 122 at 8; *see Cf. Coleman v. Garcia*, 2022 WL 226010, at *4 (N.D. Ill. Jan. 26, 2022) (holding that the inmate failed to exhaust because the grievance did not identify the defendant nor complain about any wrongful conduct by the defendant).

Regardless, Plaintiff's reliance on *Johnson v. Rivera*, 272 F.3d 519 (7th Cir. 2001), which held that "a federal court relying on the Illinois statute of limitations in a §1983 case must toll the limitations period *while a prisoner completes* the administrative grievance process," is misguided. *Id.* at 522 (emphasis added); Dkt. 122 at 8. Here, Plaintiff does not argue that he made *any* attempt to complete the grievance process or that the grievance process was otherwise unavailable to him. *Compare with Johnson*, 272 F.3d at 522 (reversing the district court's decision which did not address plaintiff's allegations that an officer destroyed his grievance and that Plaintiff's repeated inquiries to the grievance board proved unavailing). Instead, Plaintiff concedes that after two-and-a-half months of not receiving confirmation regarding his submission, he decided to document the same concerns about the officers by submitting an Initial Officer Complaint outside the scope of the grievance procedure.

Next, Plaintiff argues that the limitations period should be tolled due to his disabilities at the time of filing this lawsuit, which he contends consisted of "severe mental illness, panic attacks, and a mental breakdown following his friend's suicide." Dkt. 122 at 9. This argument is fatally undermined by the fact that during this period of purported disability, he filed the Second Amended Complaint in Case No. 23-cv-140, which he concedes was filed "well within any disputed statute of limitations period" and which he purports "included claims stemming from the incidents in this

lawsuit against numerous defendants." Dkt. 122 at 8-9. It is nonsensible that "expert evaluation of his health records is necessary to determine whether [Plaintiff] was legally disabled and unable to timely identify or sue Defendant Field"—which would have required nothing more than a cursory review of his own Cook County medical records—when he was *represented by counsel* and capable of identifying and asserting a plethora of claims against specific correctional officers and other defendants. *Id*; *see* Dkt. 51 in Case No. 23-cv-140.

For that same reason, Plaintiff's arguments that he could not identify Defendant Field without discovery and despite acting with reasonable diligence is not compelling. Dkt. 122 at 9. At any point in time prior to or during the pendency of this litigation, Plaintiff could have simply authorized the release of his own medical records. Dkt. 122 at 9. Moreover, because Plaintiff has been continuously represented by counsel since September 12, 2023, his counsel could have assisted him in identifying any unknown defendants prior to the expiration of the statute of limitations. Dkt. 19-20 in Case No. 23-cv-140. Plaintiff's attempt to blame his lack of diligence on the reassignment of counsel is unavailing, as he has been represented by his current counsel since March 31, 2025 (a mere three months after the expiration of the statute of limitations), yet he did not file his Amended Complaint naming Defendant Field until February 18, 2026 (fifteen months after the expiration of the statute of limitations). Dkt. 8-9, 44.

As such, all of Plaintiff's claims against the Cook County Defendants are time-barred.

## V. Defendant Field is entitled to qualified immunity.

Plaintiff argues that Defendant Field is not entitled to qualified immunity because she violated his constitutional right to be protected from "punishment," which he contends Defendant Field violated when she either failed to transfer him to a different tier or failed to direct his request to the appropriate authority. Dkt. 122 at 10. What Plaintiff ignores is that his entire case is premised

on the fact that he believes his constitutional rights were violated because his request for a tier transfer was allegedly not granted, which he contends put him at "risk" of self-harm. But Plaintiff has not only failed to establish that he had a constitutional right to determine his housing assignment at the time of the alleged violation or that Defendant Field plausibly violated any constitutional right by informing him that she did not have the authority over his housing assignment. Dkt. 44, ¶18; *see Gibbs v. Lomas,* 755 F.3d 529, 537 (7th Cir. 2014). Therefore, Defendant Field is entitled to qualified immunity and all claims against her should be dismissed.

## CONCLUSION

WHEREFORE, the Cook County Defendants respectfully request that this Honorable Court enter an order dismissing all claims against him with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

EILEEN O'NEILL BURKE
State's Attorney of Cook County

By: *Jessica D. Ratner*
Jessica D. Ratner
Assistant State's Attorney
50 W. Washington Street, Suite 2760
Chicago, Illinois 60602
(312) 603-1434
Jessica.Ratner@cookcountysao.org

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on September 25, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

By: *<u>/s/ Jessica D. Ratner</u>*
Jessica D. Ratner