**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Kevin D. Sampson Jr.,

Plaintiff,

v.

Defendant Cook County Sergeant Skinner, Defendant Cook County Officer Wlodyga, Defendant Cook County Officer Franco, Defendant Cook County Officer Gomillia, Defendant Mental Health Advisor Julie L. Field, in their individual capacity, Sheriff Tom Dart, in his official capacity, and Cook County.

Defendants.

Civil Action No. 1:25-cv-00020

Honorable Judge Andrea R. Wood
Honorable Magistrate Judge Young B. Kim

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Correctional Sergeant Timothy Skinner and Deputy Sheriff Paul Wlodyga, in their individual capacities, and Sheriff Thomas J. Dart, in his official capacity (collectively, the "CCSO Defendants"), by and through their attorney, Cook County State's Attorney Eileen O'Neill Burke, through her assistant Emily Stewart, submit this reply in support of their motion to dismiss. In support thereof, CCSO Defendants state as follows:

## INTRODUCTION

On August 5, 2026, CCSO Defendants filed a motion to dismiss all of Plaintiff's claims arguing that: 1) Plaintiff's compensatory damages claims are barred by the PLRA; 2) Plaintiff's punitive damages claim against Sheriff Dart, in his official capacity, is barred; 3) Plaintiff's Monell claim fails; 4) Plaintiff's Section 1983 claims against Officers Skinner and Wlodyga fail; 5) Officer Skinner and Wlodyga are shielded from liability here pursuant to the doctrine of qualified immunity; and 6) Plaintiff's allegations are insufficient to support a punitive damages

award against Officers Skinner and Wlodyga. MTD, Dkt. No. 112, at 1-2. In response, Plaintiff argues that his claims are not barred by the PLRA because the PLRA "does not preclude constitutional claims where physical injury is absent, [and does not] foreclose recovery of nominal or punitive damages." Pl. Resp., Dkt. No. 122, at 2. He also argues that he has met his pleading burden with respect to his Section 19983 claims, and Officers Skinner and Wlodyga are not entitled to qualified immunity. And lastly, he argues that his allegations are sufficient to support punitive damages claims against Officers Skinner and Wlodyga because they suggest that Officers Skinner and Wlodyga's actions were "motivated by evil intent or callous indifference" to Plaintiff's federally protected rights.

Plaintiff's arguments, however, lack merit for the following reasons. First, Plaintiff is not entitled to compensatory damages under the PLRA for emotional distress damages that are not preceded by a physical injury. Second, Plaintiff fails to plead a Section 1983 claim against the CCSO Defendants. Third, Officers Skinner and Wlodyga are entitled to qualified immunity. Fourth, Plaintiff's allegations with respect to Officers Skinner and Wlodyga are insufficient to sustain an award of punitive damages. For these reasons, and because Plaintiff waived any challenge to CCSO Defendants' argument that Plaintiff is not entitled to punitive damages on his *Monell* claim, CCSO Defendants request that Plaintiff's claims against them be dismissed with prejudice.

## ARGUMENT

### I. Plaintiff's compensatory damages claims are barred by the PLRA as he suffered no physical injury.

Plaintiff's Section 1983 claims are barred under the PLRA. Indeed, subsection (e) of the PLRA provides that:

> *[n]o federal civil action may be brought* by a prisoner confined in a jail,

> prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18, United States Code).

42 U.S.C. § 1997e(e) (emphasis added).

Despite the plain language of the statute, Plaintiff argues, citing *Robinson v. Page*, 170 F.3d 747, 748 (7th Cir. 1999), that no physical injury is required for Plaintiff to be awarded compensatory damages here. Pl. Resp. at 3. Plaintiff is wrong. The Court in *Robinson* expressly held that Robinson's claim regarding lead in his drinking water was directly related to his physical, not his mental and emotional, health. *Robinson*, 170 F.3d at 748; *see also Hacker v. Dart*, 62 F.4th 1073, 1085-86 (7th Cir. 2023). Here, unlike in *Robinson*, Plaintiff only alleges mental and emotional injuries. *See* Am. Compl. ¶ 23. Therefore, his Section 1983 claim for compensatory damages is barred under Section 1997e(e) of the PLRA and should be dismissed with prejudice.

## II. Plaintiff's failure to respond constitutes a waiver of his punitive damages claim against Sheriff Dart, in his official capacity.

Plaintiff's *Monell* punitive damages claims against Sheriff Dart, in his official capacity, should be dismissed with prejudice. CCSO Defendants argue in their motion that Section 1983 does not permit punitive damages to be awarded against municipal entities. *See* MTD at 7 (citing *Guzman v. Sheahan*, 495 F. 3d 852, 859 (7th Cir. 2007) and *City of Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981)). As Plaintiff did not respond to CCSO Defendants' argument, *see generally* Pl. Resp., he has waived any challenge thereto. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("Longstanding under our case law is the rule that a person waives an argument by failing to make it before the district court. We apply that rule where a party fails to develop arguments related to a discrete issue, and we also apply that rule where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a

motion to dismiss"). Therefore, Defendants request that the Court dismiss Plaintiff's punitive damages claims against Sheriff Dart, in his official capacity, with prejudice.

**III. Plaintiff's Monell claim fails.**

Plaintiff fails to plead a *Monell* claim against the Cook County Sheriff's Office ("CCSO"), *i.e.*, Sheriff Dart in his official capacity. To plead a Monell claim against CCSO, Plaintiff must put forth factual allegations sufficient to find that one of the following was the moving force behind his alleged constitutional deprivation: 1) an express municipal policy; 2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice of the municipality; or 3) a person with final policymaking authority for the municipality. *Bohanon v. City of Indianapolis*, 46 F.4th 669, 675 (7th Cir. 2022) (cleaned up). A policy gap or inaction can also give rise to liability under the above if it reflects a municipality's conscious decision not to take action. *Id*. A municipality may not be held vicariously liable for the actions of its employees. *Id*.

Here, Plaintiff fails to proffer any factual allegations plausibly suggesting that CCSO, *through its own actions or inaction,* violated Plaintiff's constitutional rights. *See* MTD at 9 (discussing deficiencies in Plaintiff's allegations); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (Plaintiff's factual allegations must plausibly suggest that the plaintiff is entitled to relief, "raising that possibility above a speculative level"); *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (while this court must accept all well-plead allegations as true and reasonable inferences therefrom in Plaintiff's favor, Plaintiff's legal conclusions and conclusory allegations are not entitled to the presumption of truth). Nonetheless, Plaintiff perfunctorily argues that his factual allegations satisfy his pleading burden under all three methods of establishing liability under *Monell*. Pl. Resp. at 6.

Plaintiff's argument lacks merit for the following reasons. First, Plaintiff fails to identify a specific policy that led to his alleged constitutional deprivation. *Id.* at 5-6. Second, Plaintiff fails to identify or describe an individual with policymaking authority that participated in or was aware of his alleged constitutional deprivation. *Id.; see also* MTD at 9, n 3; *Okoro v. Cook County Health & Hospital System*, No. 19-cv-06061, 2022 U.S. Dist. LEXIS 77690, at *11 (N.D. Ill. Apr. 28, 2022) (dismissing plaintiff's claim where he names an individual as a final policymaker, but fails to allege facts sufficient to tie that policymaker to allegedly unconstitutional conduct).

Third, Plaintiff fails to identify other instances of the allegedly unlawful conduct. Pl. Resp. at 6; *see also Bohanon*, 46 F.4th at 675; MTD at 9, n. 3. Indeed, as Plaintiff's allegations are all related to a single incident,[1] even if it affected multiple people, they do not plausibly suggest that Plaintiff's alleged constitutional deprivations were caused by a widespread practice that is so well-settled such that it constitutes a custom or practice of CCSO. *See Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017) (affirming dismissal at the pleading stage as plaintiff failed to "allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom"); *League of Women Voters v. City of Chicago*, 757 F.3d 722, 728 (7th Cir. 2014) (affirming dismissal of a custom and practice *Monell* claim on a motion to dismiss). Fourth, Plaintiff's claim – that a correctional officer forcing him to clean up after a suicide "is an act plausibly tied to a broader custom especially given the jail's large mentally ill population and the prevalence of inmate suicides," *see* Pl. Resp. at 6 – is both

---

[1] Plaintiff only complains of one instance of 1) a correctional officer requesting that detainees clean up after a suicide; 2) an officer joking about such suicide; 3) an officer refusing to transfer a detainee to another tier for mental health reasons after he had just been cleared by medical to return to the tier where such suicide occurred; and 4) an officer ignoring a non-specific request for a mental health evaluation on a tier where a suicide previously occurred after he had a medical evaluation. *See Am. Compl.* ¶¶ 15-16*,* 17*,* 20-21.

non-sensical and epitomizes a conclusory allegation that is not entitled to the presumption of truth. *See McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011).

Fifth, to plead a *Monell* violation based on a gap in policy, Plaintiff must allege facts showing 1) a "pattern of constitutional violations such that the County was put on notice of the constitutional harm its gap in policy was causing[;]" or 2) the risk of a constitutional violation was so high as to be obvious. *Orozco v. Dart*, 64 F.4th 806, 825-26 (7th Cir. 2023). Further, "it is not sufficient for [a plaintiff] to show that a policy [or lack thereof] could conceivably or potentially lead to a constitutional violation. . . . A constitutional violation must be a blatantly obvious consequence of inaction for single-incident liability[.]" *Id*. (internal quotation marks omitted)).

Here, Plaintiff cannot show that his ill-defined policy gap, *i.e.*, CCSO's failure to "implement policies addressing the treatment of mentally ill detainees during suicide investigations," *see* Pl. Resp. at 6, resulted in a pattern and practice of constitutional violations for the reasons state above. *See* supra at 6; MTD at 9, n. 3. Further, it is not blatantly obvious that Plaintiff's ill-defined policy gap would result in the alleged constitutional violations at issue in his amended complaint. *See Orozco*, 64 F.4th at 825-26. Thus, Plaintiff's *Monell* claim fails and should be dismissed with prejudice.

## IV. Plaintiff's Section 1983 claims against Officer Wlodyga and Skinner fail.[2]

Plaintiff also fails to plead Section 1983 conditions and failure to protect claims against Officers Wlodyga and Skinner. Nonetheless, Plaintiff speciously argues that he has met his pleading burden because 1) any reasonable officer would have understood that he was at substantial risk of suffering serious harm because Skinner and Wlodyga were aware of his

---

[2] Officer Gomillia is now represented by new counsel in this matter, Ahmed Kosoko, who has filed a reply on his behalf.

deteriorating mental state and his history of mental illness, suicidal ideation and suicide attempts; 2) Officers Skinner and Wlodyga caused Plaintiff objectively serious harm, i.e., "pain, suffering, emotional distress and injury[;]" and 3) Officers Skinner and Wlodyga's actions were not objectively reasonable as "Mr. Sampson, who has a history of mental health issues, had just witnessed the scene of his friend's suicide . . . [and] had just returned from Cermak Hospital for a psychological evaluation." *See* Pl. Resp at 7-9.

Plaintiff's argument fails for the following reasons. First, an officer may only be held individually liable for his own actions, not the actions of others. *See Hess v. Garcia*, 72 F.4th 753, 767 (7th Cir. 2023). Here, Plaintiff cites Paragraphs 15, 20–21, 31 43–44 and 49-50 of his amended complaint to argue that Officers Wlodyga and Skinner should have sought medical help for Plaintiff because they knew of Plaintiff's mental health history, including his suicidal ideation and history of suicide. Pl. Resp at 7. However, as Paragraphs 15, 20, and 43-44 have nothing to do with Officer Wlodyga and only involve other officers, they cannot be used in support of Plaintiff's claim against Officer Wlodyga in his individual capacity. *See* Am. Compl. ¶¶ 15, 20, 43-44. Similarly, Paragraphs 15, 49-50 have nothing to do with Officer Skinner and thus cannot be used against him. *Id*. ¶ 15.

Second, Paragraphs 31, 43-44, 49-50, which are cited by Plaintiff in his response to argue that Officers Wlodyga and Skinner had knowledge of Plaintiff's history of suicidal ideation and suicide attempts, are conclusory allegations. Thus, they are not entitled to the presumption of truth and cannot be used to support Plaintiff's claims. *See* Am. Compl. ¶¶ 31, 43-44, 49-50; *McCauley,* 671 F.3d at 616.

Third, absent any non-conclusory allegation that Officer Wlodyga and Skinner knew of Plaintiff's mental health history of suicidal ideation or suicide attempts, Plaintiff cannot

demonstrate that they were aware that Plaintiff was at risk of serious harm. *See Thomas*, 39 F.4th at 841-42 ("it must be plausibly alleged that a reasonable officer in a defendant's circumstances would have appreciated the high degree of risk the detainee was facing").

Fourth, if Officers Skinner and Wlodyga were aware that Plaintiff had just been cleared by mental health to return to his tier, the act of returning him to his tier or ignoring a request for an immediate mental health evaluation, absent more, was reasonable. Indeed, it is well settled that "non-medical prison official[s]... cannot be held deliberately indifferent simply because [they] failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Zemlick v. Burkhart*, 164 F.4th 1004, 1012 (7th Cir. 2026).

Fifth, Plaintiff's vague claims of "pain, suffering, emotional distress and injury," *see* Pl. Resp. at 8, do not rise to the level of an objectively serious harm. See *Whitaker v. Dempsey*, 144 F.4th 908, 925 (7th Cir. 2025) ("Although a plaintiff's injury need not be significant, it must be more than trifling" (cleaned up)).[3] An objectively serious medical condition is one "diagnosed by a physician as mandating treatment or one that is or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Sparks v. Michalski*, No. 20 CV 3765, 2024 U.S. Dist. LEXIS 16862, at *7 (N.D. Ill. Jan. 31, 2024). For all the above reasons, Plaintiff's Section 1983 claims against Officers Skinner and Wlodyga fail and should be dismissed with prejudice.

**V. Officers Skinner and Wlodyga are shielded from liability pursuant to the doctrine of qualified immunity.**

---

[3] Further, while Plaintiff alleges in Paragraph 23 of his amended complaint that "despite [his] repeated requests for a transfer, [he] was not transferred to another Tier for several weeks. . . causing hi[m] extreme distress and suicidal ideation[,]" that allegation is demonstrably false based on the exhibit that he attached to his response. *See* Pl. Resp., Ex. A. Indeed, that exhibit shows that Plaintiff's allegation in Paragraph 23 of his amended complaint was made in bad faith as Plaintiff was removed from the tier where Bob committed suicide within hours of speaking with Officers Wlodyga and Skinner.

Officers Skinner and Wlodyga are shielded from liability here pursuant to the doctrine of qualified immunity as Plaintiff cannot show that, at the time, it was clearly established that Officers Wlodyga and Skinner's conduct was unlawful. *See* MTD at 12-14. Plaintiff argues, however, that CCSO Defendants too narrowly define what must be clearly established in order for Plaintiff to overcome this defense. Pl. Resp. at 10-11. Plaintiff is wrong. Indeed, to defeat qualified immunity here, Plaintiff must be able to show that "every reasonable officer must have understood that deferring to the judgment of [the] medical staff" that Plaintiff saw right before he interacted with Officers Skinner and Wlodyga was unlawful. *Zemlick,* 164 F.4th at 1011. As Plaintiff is unable to do so, Officer Skinner and Wlodyga are shielded from liability here pursuant to the doctrine of qualified immunity and the claims against them should be dismissed with prejudice.

## VI. Plaintiff's allegations are insufficient to sustain an award for punitive damages.

Plaintiff's punitive damages claims against Officers Skinner and Wlodyga fail as a matter of law. Punitive damages require a showing of evil motive or reckless or callous indifference to federally protected rights. *Stachniak v. Hayes*, 989 F.2d 914, 928 (7th Cir. 1993). Plaintiff's allegations against Officers Skinner and Wlodyga, *see* Am. Compl. ¶¶ 20-21, are insufficient to establish an evil motive or reckless or callous indifference to Plaintiff's federally protected rights. As Plaintiff fails to put forth any allegations that can support the requisite culpable state of mind to support an award of punitive damages, Plaintiff's punitive damages claims against Officers Skinner and Wlodyga should be dismissed with prejudice.

## CONCLUSION

WHEREFORE, CCSO Defendants request that their motion to dismiss be granted and all claims against them be dismissed with prejudice.

DATED: OCTOBER 2, 2026

Respectfully submitted,

EILEEN O'NEILL BURKE
State's Attorney of Cook County

By: *<u>/s/ Emily Stewart</u>*
Emily Stewart
Assistant State's Attorney
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
Telephone: (312) 603-3014
Emily.Stewart2@cookcountysao.org